## A. A. Thomas v. Frank Holmes, Appellant.

**Actions:** delay in bringing same: evidence. The death of a witness and consequent loss of evidence will not support the defense of delay in bringing the action, where the defendant's own testimony does not support the defense and that of the deceased witness would have been merely corroborative.

**Same.** Mere delay in bringing an action, unless for the statutory period and such that the doctrine of estoppel may be applied, is not a bar thereto.

*Appeal from Butler District Court.*—HON. CLIFFORD P. SMITH, Judge.

SATURDAY, APRIL 10. 1909.

SUIT at law on a promissory note. Defense, laches and want of consideration. Trial to the court, and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. M. Greene,* for appellant.

*M. Hartness,* for appellee.

SHERWIN, J.—The note in suit was executed to S. Thomas & Co. in January, 1884, and became due October 1st of the same year. Some three or four years after executing the note, the defendant removed from this State to Illinois, where he has since resided. He does not, either in his pleadings or in his testimony, deny making and delivering the note to the payee thereof; but he does say that he has no recollection of such a transaction. On the other hand, the evidence is conclusive that it is his note, and that it was given to the payee thereof for a valuable and sufficient consideration. The defendant was about twenty-four years of age at the time the note was made. He was married and engaged in business for himself. He then and thereafter, until leaving the State, had but little personal property and no real estate, and when he left the State what personal property he left behind was left in the possession of his father, who listed it as his own for taxation. Several years before this action was commenced the defendant's mother died, leaving real property in But-

ler County in which the defendant had an interest as her heir, and this suit was aided by an attachment, which was levied upon such interest. The defendant relies upon the defense of laches, contending that he has been deprived of substantial rights by the delay in bringing action.

His principal claim on this branch of the case is that evidence has been lost by the death of a Mr. Gillham, who, he says, was a party to the transaction out of which the note grew. There is nothing to the claim, however. The defendant's own testimony does not establish a defense to the note and, if Gillham's testimony would have corroborated him, it would not alter the condition. In other words, the defendant has wholly failed to show that the delay complained of has deprived him of any substantial right, or that the plaintiff should be estopped from now maintaining the suit because thereof.

*1. ACTIONS: delay in bringing same: evidence.*

Because of the defendant's residence in another State the statute of limitations had not become effective, and we have been cited to no case, nor have we been able to find one, which holds the plea of laches good under such circumstances. The general rule as to laches is that, where the action is at law, mere delay will not bar the action, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked. *Doyle v. Burns,* 123 Iowa, 488, and cases cited therein.

*2. SAME.*

There is nothing in the record before us tending even to show that the plaintiff should be estopped from prosecuting this action. The judgment of the trial court must therefore be *affirmed.*